UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROGER CARDELLA POYCE,

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civ. No. 16-8676 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Roger Cardella Poyce, is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This habeas petition challenges his continued immigration detention. For the following reasons, the habeas petition will be denied.

## II. BACKGROUND

Mr. Poyce is a native and citizen of Jamaica. He was previously convicted in New Jersey in 2013 of possession/distribution/manufacturing/dispensing of a controlled substance. He has been in immigration detention since August 2014. According to Mr. Poyce, an Immigration Judge ("IJ") ordered him removed in January, 2017. Mr. Poyce states that he has appealed that IJ order of removal to the Board of Immigration Appeals ("BIA").

While those administrative proceedings were progressing, Mr. Poyce filed a federal habeas petition in this Court. (*See* No. 16-0349) On March 7, 2016, this Court ordered that Mr. Poyce be given a bond hearing before an IJ. Subsequently, in May, 2016, an IJ denied Mr. Poyce

bond. Mr. Poyce appealed that bond denial to the BIA. The BIA affirmed the denial of bond in September, 2016.

In November, 2016, Mr. Poyce filed this federal habeas petition. Mr. Poyce asserts that his immigration detention has been so prolonged as to be un reasonable. He seeks his immediate release on bond or an order of supervision.

### III. DISCUSSION

Mr. Poyce alleges that his order of removal is currently on appeal to the BIA. When an order is on administrative appeal, it is not yet regarded as final. *See* 8 C.F.R. § 1241.1(a) (order of removal becomes final upon dismissal of appeal by the BIA). Mr. Poyce, then, is still considered a pre-removal immigration detainee.

The Court's prior opinion summarized the standards governing pre-removal detention. The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, known as the "pre-removal" period. Pre-removal detention of an alien is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

2

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir.2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which a petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano*, No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to

adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop*, 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez,* the Third Circuit noted with respect to the circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478. A petitioner's bad faith has at least the potential to impact whether a bond hearing should be ordered. *See Chavez-Alvarez*, 783 F.3d at 476 ("Because we conclude that Chavez-Alvarez did not act in bad faith, we do not need to decide here whether an alien's delay tactics should preclude a bond hearing."). Additionally, it is worth noting that in the pre-removal context under *Diop* and *Chavez-Alvarez*, the proper relief is to order a bond hearing before the Immigration Judge, not release the petitioner from immigration detention. *See Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013) ("This Court's power to entertain habeas applications ensues from the narrowly-tailored mandate of 28 U.S.C. § 2241, which – with respect to the claims raised by pre-removal order alien detainee's – allows relief limited to a directive of a bond hearing.") (citing *Diop*, 656 F.3d 221).

In response to Mr. Poyce's earlier § 2241 habeas petition, the Court cited these authorities and ordered that a bond hearing take place before an IJ. That bond hearing has now

taken place. Although the result, denial of release, was surely disappointing to Mr. Poyce, he has received the remedy that is available to him in this Court. The Court has the power to order a bond hearing, but where a petitioner has already received a bona fide bond hearing before an IJ, the Court does not have the power to second guess the IJ's bond denial. *See* 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, *or the grant, revocation, or denial of bond or parole.*") (emphasis added); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *see also Mendoza v. Green*, No. 16-1447, 2016 WL 4208439, at *2 (D.N.J. Aug. 8, 2016) (denying habeas petition where petitioner has already gotten a bond hearing which is the only relief he can get in the pre-removal immigration detention context). There is no allegation by Mr. Poyce that he did not receive a bona fide bond hearing before the IJ. *See Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("After a bona fide bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.").

Because I have already granted the relief that Mr. Poyce seeks, his current, successive habeas petition will be denied.

## IV.  CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.

DATED:  March 9, 2017

KEVIN MCNULTY
United States District Judge

6